IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| IN RE: MEREDITH CORPORATION SECURITIES LITIGATION | ) ) ) ) | No. 4-19-cv-294-CRW-SBJ<br><br>ORDER |

On March 9, 2020, lead plaintiff City of Plantation Police Officers Retirement Fund (Plaintiffs) filed an Amended Class Action Complaint (Dkt #27). Plaintiffs contend Meredith Corporation and several of its officers (Defendants) collectively misled the public by fraudulently scheming to give false information about Meredith's purchase of Time Inc. and its storied magazine brands. Plaintiffs contend Defendants failed to give good faith forecasts and to explain risks about their expanding the scope of their business.

On June 22, 2020, Defendant Meredith Corporation and the Individual Defendants filed a motion to dismiss (Dkt #43) the Amended Complaint, contending that it misses the mark by not satisfying the pleading requirements of section 10 (b) of the Securities Exchange Act, 15 U.S.C. section 78 (b); In re Target Corp. Sec. Litig., 955 F.3d 738, 742 (8th Cir. 2020)(setting forth pleading requirements in securities actions).

On October 7, 2020, the court held a hearing by telephone conference call on the resisted motion to dismiss and now concludes that Plaintiffs have failed to plead these required elements under the Private Securities Litigation Reform Act (PSLRA): an actionable misstatement or omission, scienter, and loss causation. As explained in Defendants' motion and supporting briefs, this lawsuit is precisely the type of frivolous "strike" suit that Congress directed federal courts to dismiss at the pleading stage since the suit is based merely on a

company's announcement of bad news or inaccurate predictions not amounting to fraud. Even though at the time of purchase and periodically thereafter Defendants stated optimistically their forecasts and expectations for cost savings and synergies, Defendants acknowledged and did not mince words about the risks they were undertaking.[1] In the public statements on which this suit is based Defendants did not sugar-coat their expectations; they routinely acknowledged the challenges they were facing in integrating the Time Inc. business with their own.

Granted, Plaintiffs allege that in May of 2019 Defendants reduced their financial forecasts for fiscal 2020 and acknowledged delays in achieving an improved overall revenue picture. But missing from the Amended Complaint are allegations of an actionable misstatement or omission, scienter, and loss causation. Those elements, not pled, leave the lawsuit quite dead. See In re Cerner Corp. Sec. Litig., 425 F.3d 1079, 1083 (8th Cir. 2005)(complaint did not meet the PSLRA's heightened pleading standards).

The class action lawsuit is dismissed with prejudice, at Plaintiffs' cost for the sound reasons thoroughly explained in the Defendants' motion and accompanying briefs.

IT IS SO ORDERED.

Dated this 28th day of October, 2020.

CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT

[1] Plaintiffs state in their response to the motion to dismiss (Dkt #44) that if the court finds plaintiffs have not pled a claim, they request leave to replead pursuant to F.R.Civ.P. 15 (a). But they have already filed an Amended Complaint and it is not adequate.